IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MABEL JACKSON                           :

             v.                         :   Civil Action No. DKC 12-3418

GEORGE MASON MORTGAGE, LLC,             :
et al.                                  :

**MEMORANDUM OPINION**

      Plaintiff Mabel Jackson commenced this action in the Circuit Court for Montgomery County, Maryland, on August 6, 2012. Defendants George Mason Mortgage, LLC, and James Foley timely removed to this court on the basis of federal question jurisdiction.[1]  Defendants interpreted a single sentence contained in the complaint – "Plaintiff Jackson's termination was wrongful and without any cause whatsoever in that it resulted solely from Jackson's request that she be paid the lawful rate of hourly overtime compensation . . . under the laws of the State of Maryland and the United States" – as "assert[ing] a claim under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*)."  (ECF No. 1 ¶ 1 (quoting ECF No. 2 ¶ 14)).

---

[1] The requirements for jurisdiction based on diversity of citizenship are not met because both Plaintiff and Mr. Foley are Maryland residents.

Concomitantly with their notice of removal, Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 8). When Plaintiff failed to respond, Defendants moved for an order of dismissal with prejudice. (ECF No. 16). When Plaintiff again did not respond, the court issued an order directing her to show cause by January 2, 2013, as to why Defendant's motion to dismiss should not be granted. (ECF No. 17). On January 2, Plaintiff filed an opposition to Defendants' motion to dismiss (ECF No. 18) and a motion to remand (ECF No. 20). Plaintiff now asserts that the "complaint is not founded on the Fair Labor Standards Act and does not raise any Federal question"; rather, it "alleges that she was wrongfully discharged for complaining about the failure of her employer to pay her overtime wages . . . [under] Maryland common law." (ECF No. 20 ¶¶ 4, 5).

When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving that removal was proper. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (internal quotation marks omitted). This standard reflects that

2

reluctance of federal courts "to interfere with matters properly before a state court." *Id*. at 701.

"The federal removal statute allows a defendant to remove to federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Davis v. North Carolina Dept. of Correction*, 48 F.3d 134, 138 (4th Cir. 1995) (quoting 28 U.S.C. § 1441(a)).  Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Where a district court has original jurisdiction over one or more claims, it may exercise "supplemental jurisdiction over all other claims so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.

Here, Defendants have not met their burden of proving that removal was proper.  In opposing Plaintiff's motion, they merely assert that "remand is inappropriate because it would serve only to allow Plaintiff to avoid the consequences of her insufficient pleading and dilatory conduct."  (ECF No. 26 ¶ 9).  Be that as it may, this argument does nothing to address the fundamental question of whether this case falls within the original jurisdiction of a federal district court.  The complaint itself

is vague on this point, and Plaintiff has now clarified that she did not intend to raise a federal claim. Because Defendants have not demonstrated the propriety of removal, as was their burden, Plaintiff's motion will be granted and the case will be remanded to the Circuit Court for Montgomery County.[2]

A separate order will follow.

                                                     _____/s/_____
                                                     DEBORAH K. CHASANOW
                                                     United States District Judge

---

[2] Even if the complaint were found to have presented a claim under the Fair Labor Standards Act, Plaintiff has made clear that she consents to its dismissal, and the court would decline to exercise supplemental jurisdiction over the remaining claims. Thus, the case would be subject to remand in that event as well. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) ("a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met").